IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RONALD C. BARKER, and, BARKER LAW OFFICE, LLC, a Utah limited liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>CITIGROUP, INC., CITIBANK, N.A., CITIBANK INVESTMENT SERVICES, N.A., and JOHN DOES 1 THRU 10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:11-CV-51<br><br>Judge Clark Waddoups |

## INTRODUCTION

Before the court is Plaintiffs' motion for extension of time to complete discovery pursuant to Federal Rule of Civil Procedure 56(d).  [Dkt. No. 17.]  Also before the court is Defendants' motion for order to show cause [Dkt. No. 11], which the court has indicated will be treated as a motion for summary judgment.  *See* Docket Text Order [Dkt. No. 23.]  For the reasons stated below, the court DENIES Plaintiffs' motion for extension of time to complete discovery and GRANTS summary judgment in favor of Defendants on all claims.

## BACKGROUND

On or about January 24, 2008, Plaintiff Ronald C. Barker ("Mr. Barker") endorsed and deposited a check dated January 22, 2008 in the amount of $194,670 into a trust account at a branch of JPMorgan Chase Bank, N.A. ("Chase") located in South Salt Lake, Utah.  Said check

was purportedly issued by Citibank Investment Services, N.A. and bore the term "Official Check" on its face.

The parties disagree on the status of the check.  Plaintiffs allege that the check was an authentic, genuine and valid official check and negotiable instrument signed by authorized representatives of Defendants.  They also allege that as an official check, it was drawn against funds which were sufficient to pay the full amount.  Plaintiffs claim to be holders in due course of the negotiable instrument at all relevant times.  Defendants argue that the check was a forgery and claim they have no record of the check ever being issued.  They also claim that Citibank Investments Services, N.A., the purported issuer of the check, does not exist and has never existed.

After depositing the check into the Chase trust account, but before the check had cleared, Plaintiffs made two wire transfers: (1) to Global Security Canada in the amount of $62,520 on January 25, 2008, and (2) to Industrial Bank of Korea in the amount of $62,180 on January 28, 2008.  The balance of the funds was to be retained in the trust account to be disbursed to Plaintiffs as attorney fees.

When the check was presented to Defendants for payment, Defendants claim they identified it as a forgery and issued a timely notice of dishonor to Chase via the Electronic Advance Returns Notification System (EARNS), as required by federal banking regulations.  As a result, the full amount of the check was charged back and debited against the trust account by Chase.  The EARNS report identified European American Bank (EAB) as the drawee bank and the reason for return as "forgery."  *See* EARNS Report, Complaint, Ex. C [Dkt. No. 1.]

Plaintiffs filed the current action as a result of Defendants dishonoring the check at issue, claiming, *inter alia*, breach of contract, breach of warranty, breach of fiduciary duty, negligence, and conversion.  Plaintiffs are also seeking punitive damages.  *See* Complaint [Dkt. No. 1.]

In its initial response to Plaintiffs' complaint, Defendants filed a verified answer stating that the check at issue was a forgery, stating that Citibank Investments Services, N.A. does not exist and has never existed, and claiming the Plaintiffs knew the check at issue was a forgery, as claimed by Plaintiffs in their affirmative allegations in a complaint filed in state court against Chase for their charge back of the check at issue in this matter.  *See* Verified Answer [Dkt. No. 10.]  Defendants also filed a motion for an order to show cause why Plaintiffs' complaint should not be dismissed on the grounds of judicial estoppel and that the check was unquestionably counterfeit.  [Dkt. No. 11.]

The court granted Defendants' motion and ordered Plaintiffs to file a memorandum with the court showing cause why its complaint should not be dismissed on the grounds of judicial estoppel.  [Dkt. No. 14.]  Plaintiffs filed a memorandum in compliance with said order [Dkt. No. 15] and urged the court to treat Defendants' motion for an order to show cause as a motion to dismiss or a motion for summary judgment.  Plaintiffs also filed a motion for a continuance pursuant to Federal Rule of Civil Procedure 56(d)[1] to conduct additional discovery in the event the court treated Defendants' motion for an order to show cause as a motion for summary judgment.  *See* [Dkt. No. 17.]

The court subsequently indicated that it would treat Defendants' motion for an order to show cause as a motion for summary judgment.  *See* Docket Text Order [Dkt. No. 23.]  A

---

[1] Plaintiffs' motion seeks a continuance under Federal Rule of Civil Procedure 56(f).  It is clear, however, that Plaintiffs' reference is to a now obsolete version of the Federal Rules of Civil Procedure.  The December 2010 amendments to Rule 56 recodified Rule 56(f) as Rule 56(d) "without substantial change."  Fed. R. Civ. P. 56 advisory committee's note (2012).

hearing was held on October 6, 2011 regarding summary judgment and Plaintiffs' motion for a

continuance to conduct additional discovery.  The court now addresses these motions.

**ANALYSIS**

**I.      MOTION FOR SUMMARY JUDGMENT**

**A.      JUDICIAL ESTOPPEL**

The court will first address Defendants' argument that Plaintiffs' complaint should be

dismissed on the grounds of judicial estoppel.  Judicial estoppel may apply when a party attempts

to assume a position contrary to a certain position that the party previously held in a legal

proceeding.  *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).  The Supreme Court has

identified several factors that should inform the decision of whether to apply the doctrine of

judicial estoppel in a particular case:

> First, a party's later position must be clearly inconsistent with its
> earlier position.  Second, courts regularly inquire whether the party
> has succeeded in persuading a court to accept that party's earlier
> position, so that judicial acceptance of an inconsistent position in a
> later proceeding would create the perception that either the first or
> the second court was misled. Absent success in a prior proceeding,
> a party's later inconsistent position introduces no risk of
> inconsistent court determinations, and thus poses little threat to
> judicial integrity. A third consideration is whether the party
> seeking to assert an inconsistent position would derive an unfair
> advantage or impose an unfair detriment on the opposing party if
> not estopped.

*Id.* at 750-51 (internal quotations and citations omitted).

While many courts have followed these factors closely, the Supreme Court has indicated

that they were not "inflexible prerequisites or an exhaustive formula for determining the

applicability of judicial estoppel."  *Id.* at 751.  "Additional considerations may inform the

doctrine's application in specific factual contexts."  *Id.*  In the past, the Tenth Circuit had resisted

the doctrine of judicial estoppel, but recently has applied the doctrine of judicial estoppel as

4

outlined by the factors in *New Hampshire* since the Supreme Court's decision. *See Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068-69 (10th Cir. 2005). *See also Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1227 (10th Cir. 2011); *Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1156 (10th Cir. 2007).

Defendants claim that judicial estoppel should bar Plaintiffs' action because Plaintiffs took the position in a state court action against Chase that the check at issue in this matter was a forgery. *See* Mem. Supp. Mot. for Order to Show Cause 7 [Dkt. No. 10.] Plaintiffs argue that while they did allege in the state action that the check at issue was a forgery, judicial estoppel should not apply because they were not successful in persuading the state court that their position was correct and because their contrary positions were not the result of "deliberately changing positions according to the exigencies of the moment." *See Bradford v. Wiggins*, 516 F.3d 1189, 1194 (10th Cir. 2008) (citing *New Hampshire*, 532 U.S. at 749-50).

In the complaint filed in state court against Chase, Plaintiffs made the factual allegation that the same check at issue here was a forgery.[2] *See* Chase Complaint, Ex. 1 [Dkt. No. 12.] Such a position is clearly inconsistent with the allegations of the complaint in this case, where Plaintiffs allege that the check "was an authentic, genuine and valid 'Official' check and negotiable instrument issued and signed by a duly authorized representative of defendants." *See* Complaint 4 [Dkt. No. 1.]

It has also become clear, however, that the position Plaintiffs asserted in the Chase complaint was different from the position Plaintiffs argued to oppose Chase's motion for

---

[2] The state court complaint is entitled "Verified Complaint" and has attached a jurat and paragraph for a notary public to sign that Ronald C. Barker, being duly sworn, stated that the statements set forth in the complaint are "true and correct." That statement, however, is not signed by either Mr. Barker or a notary public. Had the complaint in fact been verified with a sworn factual statement that the check at issue was a forgery, the legal analysis under judicial estoppel would have been different. A party is not permitted to make a sworn factual statement in one case and a contradictory factual statement in a different case simply because one set of facts better suits the theory of the case.

summary judgment.  In its order denying Chase's motion, the state court wrote that Plaintiffs had asserted that "Chase's documents create a disputed issue of fact as to whether the Citibank check was valid or whether the funds in the third-party bank against which the Citibank check was drawn, may have been tainted."  Mem. Dec. Denying Mot. for Summ. J., Ex. 1, pg. 3 [Dkt. No. 15.]  The state court clearly recognized that Plaintiffs' original position that the check at issue was a forgery had changed as a result of discovery.

Defendants claim that the state court's order denying summary judgment to Chase represents the state court's acceptance of Plaintiffs' original position that the check was a forgery.  The state court opinion, however, could not be an acceptance of Plaintiffs' original position because the state court clearly indicated that Plaintiffs' position had changed.  Because there is no indication that the state court accepted Plaintiffs' original position that the check was a forgery, there is no risk of inconsistent court determinations between the decisions of the state court and the decisions of this court.  The doctrine of judicial estoppel is inapplicable.

Even were the court to hold that the doctrine of judicial estoppel should apply where there is no risk of inconsistent judicial determinations, the purpose underlying the doctrine does not support dismissing Plaintiffs' complaint in this matter.  The purpose of the judicial estoppel doctrine is to "protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment."  *New Hampshire*, 532 U.S. at 749-50 (internal quotation marks and citations omitted).  The state court's order denying Chase's motion for summary judgment supports Plaintiffs' claim that their position changed as a result of obtaining additional facts through discovery, and not as the result of "the exigencies of the moment."  Such a change in a legal position is not improper and the purpose of the doctrine of judicial estoppel is not served by applying it in this case.  The conclusion would be different if

Plaintiffs had represented to the court facts to be true that were inconsistent with facts they had represented also to be true in a different proceeding.  That circumstance, however, is fundamentally different from a party who changes its factual allegations when discovery shows them not to be true.  The latter is an expected result of the litigation process and should be encouraged while the prior is misleading and an attempt to manipulate that should be sanctioned.

Whatever the merits of Plaintiffs' current position may be, Defendants have not provided evidence that Plaintiffs have changed their position based solely on the "exigencies of the moment."  Therefore, the court will not dismiss Plaintiffs' complaint on the grounds of judicial estoppel.

## B.    AUTHENTICITY OF THE CHECK

Defendants also claim that Plaintiffs' complaint should be dismissed as a matter of law because the check is clearly a forgery.  Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."  *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003).  A fact is "material" if it is "essential to the proper disposition of the claim."  *Id.*  The court views the evidence in the light most favorable to the non-moving party, as "evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in the [nonmovant's favor]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The only issue of fact disputed in this matter is whether the check at issue is genuine or not.  Defendants have presented substantial evidence to indicate that the check is, in fact, a

forgery.  Defendants have indicated in their verified answer,[3] which was made under penalty of

perjury, that the check was a forgery and that they have no record of issuing the check.  *See*

Verified Answer 2 [Dkt. No. 10.]  An undisputed copy of the check indicates that the check was

issued by "Citibank Investment Services, N.A."  *See* Check, Complaint, Ex. A [Dkt. No. 1.]

Defendants indicate, in their verified answer, that no such entity exists or has ever existed.  *See*

Verified Answer 2 [Dkt. No. 10.]  Upon realizing that the check at issue was a forgery,

Defendants issued a timely notice of dishonor to Chase in the form of an EARNS report.  *Id.*

The EARNS report indicated that the drawee bank of the check at issue was EAB.  *See* EARNS

Report, Complaint, Ex. C [Dkt. No. 1.]  According to public records of the FDIC, EAB has been

an inactive institution since July 17, 2001 as a result of their merger with Citibank, N.A.  *See*

FDIC Statement, Ex. 2 [Dkt. No. 19.]  As an inactive institution, EAB could not have been the

drawee bank of an authentic official check drawn in January 2008.

   Plaintiffs have presented no evidence to contradict Defendants' claim that the check at

issue is a forgery.  Instead, they argue that they need additional time to conduct discovery to

prove that the check at issue is authentic.  As discussed below, however, Plaintiffs have not

presented the court with sufficient evidence to warrant a continuance for purposes of conducting

further discovery.

   Based on the uncontroverted evidence of forgery presented by Defendants, the court finds

that no reasonable fact finder could determine that the check at issue was genuine.  As a result,

---

[3] The Federal Rules of Civil Procedure do not require pleadings to be verified, "[u]nless a rule or statute specifically states otherwise." Fed. R. Civ. P. 11(a).  However, several courts have recognized a verified pleading as being equivalent to an affidavit or declaration submitted in support of a motion for summary judgment. *See Hooks v. Hooks*, 771 F.2d 935, 945-46 (6th Cir. 1985); *Enquip, Inc. v. Smith-McDonald Corp.*, 655 F.2d 115, 119 (7th Cir. 1981); *Martinez v. Rosado*, 614 F.2d 829, 830 n.1 (2d Cir. 1980); (*Runnels v. Rosendale*, 499 F.2d 733, 734 n.1 (9th Cir. 1974); *William v. Adams*, No. 4:05cv8-RH/WCS, 2006 U.S. Dist. LEXIS 67567 (N.D. Fla. July 28, 2006) (unpublished).  As Defendants' verified answer is accompanied by a declaration signed under penalty of perjury and verifying the truthfulness of the factual allegations contained therein, the court will treat it as a declaration made in support of summary judgment.

the court finds no genuine issues of fact remain in this matter and will proceed to decide the case as a matter of law.

Under Utah law, a person cannot be held "liable on an instrument unless: (a) the person signed the instrument; or (b) the person is represented by an agent or representative who signed the instrument . . . ." Utah Code Ann. § 70A-3-401 (2012). Therefore, where a signature on a check or other negotiable instrument is forged, a party cannot make claims against the party whose forged signature appears on the instrument for failing to honor the instrument. Nevertheless, where a party fails to exercise ordinary care and contributes to the making of a forged signature on an instrument, they are precluded from asserting the forgery against a person who, in good faith, takes the instrument for value. Utah Code Ann. § 70A-3-406(1). The burden of proving a failure to exercise ordinary care in this context is on the party asserting preclusion. Utah Code Ann. § 70A-3-406(3).

While Plaintiffs claim that Defendants failed to exercise ordinary care to prevent the forgery at issue in this case, they have not met their burden of proving that such is the case. Plaintiffs have not alleged any facts that would support a claim that Defendants were negligent in a way that led to the check at issue being a forgery. Because it is Plaintiffs' burden to prove such negligence, they cannot invoke the preclusive effect of Utah Code Ann. § 70A-3-406(1) against Defendants in this matter. The court will therefore grant summary judgment for Defendants on Plaintiffs' third claim for relief.

Plaintiffs' remaining claims arise out of Plaintiffs' allegation that Defendants refused to honor the check at issue. Because the check is a forgery, Defendants are not subject to liability for failing to honor it as a matter of law. The court will grant summary judgment in favor of Defendants on Plaintiffs' remaining claims as well.

## II.     PLAINTIFFS' MOTION FOR CONTINUANCE PURSUANT TO RULE 56(d)

The court now addresses Plaintiffs' motion for continuance to conduct additional

discovery.  Rule 56(d) states:

> (d) <u>When Facts Are Unavailable to the Nonmovant</u>. If a
> nonmovant shows by affidavit or declaration that, for specified
> reasons, it cannot present facts essential to justify its opposition,
> the court may:
> > (1) defer considering the motion or deny it;
> > (2) allow time to obtain affidavits or declarations or to take
> > discovery; or
> > (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d) (2012).  To obtain a Rule 56(d) continuance, a moving party must provide

an affidavit "explain[ing] why facts precluding summary judgment cannot be presented."  *Valley*

*Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010)

(citation omitted).  Such an affidavit must identify:

> (1) the probable facts not available, (2) why those facts cannot be
> presented currently, (3) what steps have been taken to obtain these
> facts, and (4) how additional time will enable the party to obtain
> those facts and rebut the motion for summary judgment.

*Id.* (internal quotation marks and citation omitted).  Rule 56(d) is "not a license for a fishing

expedition."  *Lewis v. Ft. Collins*, 903 F.2d 752, 759 (10th Cir. 1990).

Plaintiffs have failed to explain to the court why facts precluding summary judgment

cannot be presented and, therefore, are not entitled to a continuance under Rule 56(d).  In the

initial affidavit accompanying their motion for a continuance, Plaintiffs identify only a single

issue for discovery: "discovery relating to European American Bank and the reason for its being

referenced in defendants EARNS notification plaintiffs depository bank."  *See* Declaration of

Ronald C. Barker 2 [Dkt. No. 16.]  Plaintiffs make no attempt to indicate what probable facts

would be discovered if granted a continuance, why those facts cannot be presented currently,

what steps have been taken to obtain these facts, or how additional time will enable them to obtain those facts and rebut the motion for summary judgment.

The court gave Plaintiffs additional time to identify issues for discovery after it heard arguments on the motion. *See* Minute Entry for Hearing on 10/6/11 [Dkt. No. 27.]  In their supplemental memorandum [Dkt. No. 28], Plaintiffs identify a "possible factual scenario" wherein Defendants accepted a fraudulent EAB check, issued an authentic official check payable to Plaintiffs based on the funds received pursuant to the EAB check, and later dishonored the authentic official check based on their discovery that the EAB check was fraudulent, causing Chase to charge back the amount of the deposit in Plaintiffs' trust account. *Id*. at 3.  The "possible factual scenario" has no plausible factual support; it is simply sheer speculation. Moreover, it is speculation without any suggestion of plausibility.  The law requires a party seeking a Rule 56(d) continuance to identify "probable facts" that are not available, not merely a "possible factual scenario" that could be true.  Plaintiffs have failed to offer any credible factual basis or even explanation that would support allowing additional discovery.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (The Federal Rules of Civil Procedure "[do] not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Furthermore, as noted above, Defendants have offered substantial evidence to indicate that the check at issue is, in fact, a forgery.  Plaintiffs have not contested Defendants' evidence and have offered no evidence of their own to show that the check at issue is genuine.  It is apparent that Plaintiffs are merely seeking to engage in a "fishing expedition" with the hope of discovering some evidence to save their case.  Such an expedition is wasteful of the courts time and resources and is not the purpose of Rule 56(d).  Therefore, the court will deny Plaintiffs' motion for a continuance to conduct additional discovery.

## <u>CONCLUSION</u>

For the reasons stated above, the court hereby DENIES Plaintiffs' motion for a continuance to conduct additional discovery pursuant to Rule 56(d) [Dkt. No. 17.] and GRANTS summary judgment in favor of Defendants on each of Plaintiffs' claims.

DATED this 20th day of April, 2012.

BY THE COURT:

_____

Clark Waddoups
United States District Judge